# United States Court of Appeals
## For the First Circuit

No. 14-1357

UNITED STATES OF AMERICA,

Appellee,

v.

JORGE E. MALDONADO-RIOS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Kayatta, Selya, and Barron,
Circuit Judges.

Camille Lizarríbar-Buxó and Lizarríbar Law Office, on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

June 15, 2105

**Per Curiam**.  This appeal requires us to make clear the procedure that a district court should follow when a defendant moves to modify a sentence during the pendency of an appeal of that sentence.  As we explain, in a case like this, that procedure is set forth in Federal Rule of Appellate Procedure 12.1, which provides for the use of an indicative ruling by the district court in such circumstance.  Here, however, lacking any direct guidance from this Court as to the procedure it should follow, the District Court did not issue an indicative ruling but instead simply issued a modification order.  We hold that the District Court lacked jurisdiction to issue that order while this appeal was pending.  We thus remand the case in accordance with the procedure that Rule 12.1 sets forth so that the District Court may enter the modification order.

## I.

In December of 2013, the appellant, Jorge E. Maldonado-Rios, pled guilty to possession with intent to distribute more than five kilograms of cocaine.  That offense carries a statutory minimum sentence of 120 months' imprisonment.  See 21 U.S.C. § 841(b)(1)(A)(ii).  At the time of Maldonado's sentencing, the sentencing guidelines recommended a higher sentence, of 135 to 168 months.  Consistent with those guidelines, the District Court

imposed a sentence of 135 months. Maldonado then appealed. He argued that the District Court had committed procedural error by inadequately explaining its reasons for choosing a 135-month sentence rather than the 120-month mandatory minimum.

While Maldonado's appeal was pending, the U.S. Sentencing Commission passed Amendment 782 to the sentencing guidelines. See United States Sentencing Commission, Guidelines Manual, App. C Supp., Amendment 782 (Nov. 1, 2014). That amendment lowered by two levels the "base offense level" -- the baseline from which recommended sentencing ranges are calculated under the guidelines -- for most drug offenses. See id. The Sentencing Commission made that amendment retroactive. See U.S.S.G. § 1B1.10(d).

As a result, in November of 2014, Maldonado moved to have the District Court modify his sentence under 18 U.S.C § 3582(c)(2). That statute allows a district court to reduce a defendant's sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" in a retroactive amendment. 18 U.S.C. § 3582(c)(2). Several months later, on February 25, 2015, the government informed the District Court that it agreed that Maldonado's sentence should be reduced to the 120-month mandatory minimum in consequence of Amendment

782. And then, on March 31, 2015, the District Court issued an order that purported to reduce Maldonado's sentence to the 120-month minimum, even though this appeal was still pending.

Neither Maldonado nor the government informed this Court of those developments in the District Court. We became aware of them only from a review of the District Court's public docket.

## II.

Because Maldonado's appeal was pending at the time the District Court ruled on his motion to modify the sentence under § 3582(c)(2), we hold that the District Court lacked jurisdiction to enter the order reducing the sentence. See United States v. Torres-Oliveras, 583 F.3d 37, 44 (1st Cir. 2009) (explaining the "general rule that . . . 'a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal'" (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982))); United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987) ("[A] docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence."). For while we have not previously held that a district court lacks the power to order a sentence modification under 18 U.S.C. § 3582(c) while an appeal of that sentence is pending, see Torres-Oliveras, 583 F.3d at 44, we have held that a district court

- 4 -

lacks jurisdiction to do so under Federal Rule of Criminal Procedure 35(b), see Distasio, 820 F.2d at 23-24.  And we see no basis for distinguishing between these two types of modifications for jurisdictional purposes.

Moreover, while we have noted that there are "limited exceptions" to the "general rule" that an appeal ends a district court's jurisdiction, Torres-Oliveras, 583 F.3d at 44, those exceptions relate to district court orders that concern matters unrelated to the "substance of the decision" being appealed, 16A Charles A. Wright, et al., Federal Practice & Procedure § 3949.1, at 59 (4th ed. 2008); see also United States v. Ortega, 859 F.2d 327, 334-35 (5th Cir. 1988).[1]  Those exceptions are thus not applicable here, given the nature of the District Court's order.

That the District Court lacked the power to issue the March 31 order -- which otherwise would give Maldonado the relief he seeks and thus seemingly moot this appeal -- does not mean that we must proceed to the merits of the appeal.  Instead, Federal Rule of Appellate Procedure 12.1 offers us an alternative, and

---

[1]  Ortega upheld a district court's jurisdiction to modify a sentence despite a pending appeal under the then-in-force version of Fed. R. Crim. P. 35(a), which allowed courts to "correct an illegal sentence at any time."  859 F.2d at 334 n.11 (quoting Fed. R. Crim. P. 35(a)).

more efficient, means of proceeding. In fact, the Advisory Committee Notes to Rule 12.1 expressly anticipate that Rule's use for "motions under 18 U.S.C. § 3582(c)" made during the pendency of an appeal. Fed. R. App. P. Rule 12.1 advisory committee's note.

Rule 12.1 states that a district court faced with a motion that it "lacks authority to grant because of an appeal that has been docketed and is pending" may "state[] either that it would grant the motion or that the motion raises a substantial issue." Fed. R. App. P. 12.1(a). And, the Rule further provides, the movant must then "promptly notify" the Court of Appeals' clerk of the district court's ruling. Id. This Court then has the option of "remand[ing] for further proceedings but retain[ing] jurisdiction," dismissing the appeal, or continuing to hear the appeal. Fed. R. App. P. 12.1(b).

This procedure makes much practical sense. It is both the procedure that the District Court -- and the parties -- should have followed in this case, and the one that district courts and parties should follow in like cases in the future. The Rule 12.1 procedure ensures that the district court and the appellate court are not simultaneously analyzing the same issue. The procedure also avoids the confusion that may result if the appellate court issues an order inconsistent with the relief that the defendant

believes the district court has already provided.  And, finally, the procedure provides an efficient means of resolving an issue on appeal that the district court is willing to render moot.

Of course, in this case, the District Court did not actually issue an indicative ruling.  But the District Court could hardly have more clearly stated "that it would grant the motion," as Rule 12.1 requires, given that the District Court purported to grant the requested relief directly.  Thus, to facilitate the operation of the procedure that Rule 12.1 contemplates, we will treat the District Court's March 31, 2015, order as though it were an indicative ruling under Rule 12.1.

Having done so, in accord with the procedure set forth in Rule 12.1, we retain jurisdiction and remand this case to the District Court.  That way it may enter an order modifying Maldonado's sentence, as that court has indicated Amendment 782 to the sentencing guidelines warrants.  Once the District Court enters its modification order, the government and the defendant shall notify this Court within 14 days as to whether the pending appeal may be dismissed.  If either party does not believe that the appeal should be dismissed, that party shall state its reasons fully in its notice to this Court.

So ordered.