# United States Court of Appeals
## For the First Circuit

No. 13-2145

UNITED STATES OF AMERICA,

Appellee,

v.

ANTHONY CARDOZA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

William S. Maddox on brief for appellant.
Margaret D. McGaughey, Assistant United States Attorney, and
Thomas E. Delahanty II, United States Attorney, on brief for
appellee.

June 23, 2015

**Per Curiam.** Anthony Cardoza entered a guilty plea on a drug trafficking offense and received a sentence of 72 months at a sentencing hearing on September 17, 2013. Cardoza raises an ineffective assistance of counsel claim challenging his conviction. Cardoza also contends that his case should be immediately remanded for resentencing because of a recent retroactive amendment to the sentencing guidelines.

Cardoza's ineffective assistance of counsel claim asserts a number of alleged errors his lawyer committed. But this claim, as is often the case with such claims, involves fact-specific issues ill-suited for resolution on direct appeal. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) ("We have held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court."). We therefore "dismiss the claim without prejudice to its reassertion," if the defendant so chooses, in a collateral proceeding. United States v. Ofray-Campos, 534 F.3d 1, 34 (1st Cir. 2008).

Cardoza also separately challenges the sentence imposed by the District Court. After Cardoza was sentenced, the U.S.

Sentencing Commission passed Amendment 782 to the sentencing guidelines. See United States Sentencing Commission, Guidelines Manual, App. C Supp., Amendment 782 (Nov. 1, 2014). That amendment lowers the "base offense level" for most drug offenses, see id., and has been made retroactive by the Sentencing Commission, see U.S.S.G. 11 § 1B1.10(d). Cardoza argues that this amendment entitles him to a sentence reduction, and he seeks an immediate remand for re-sentencing. The government does not oppose the requested reduction but it contends that no such remand is necessary since Cardoza is not eligible for release until November 1, 2015, at the earliest.

While Cardoza's appeal was pending, however, the District Court purported to grant sua sponte an order modifying the sentence on the basis of the amendment to the guidelines under 18 U.S.C § 3582(c)(2). That order, issued on April 29, 2015, purported to reduce Cardoza's term of imprisonment to 58 months. Neither Cardoza nor the government informed us of this development, which we were made aware of after the District Court provided a supplement to the record to the clerk of the Court of Appeals.

As we just recently made clear, a district court does not have jurisdiction to enter a sentence modification order under § 3582(c)(2) while an appeal of that sentence is pending. United

- 3 -

States v. Maldonado-Rios, ___ F.3d ___, 2015 WL 3652600, at *2 (1st Cir. June 15, 2015) ("Because [defendant's] appeal was pending at the time the District Court ruled on his motion to modify the sentence under § 3582(c)(2), we hold that the District Court lacked jurisdiction to enter the order reducing the sentence."). That does not mean, however, that we need to resolve whether Cardoza is entitled to the immediate remand for resentencing that he seeks. And that is because, as we explained in Maldonado-Rios, Federal Rule of Appellate Procedure 12.1 offers us an alternative and more efficient means of proceeding in a case where a district court has purported to issue a modification order that would -- if valid -- potentially moot the portion of the appeal that concerns the sentence. See id.

That rule permits a district court faced with a motion that it "lacks authority to grant because of an appeal that has been docketed and is pending" to "state[] . . . that it would grant the motion." Fed. R. App. P. 12.1(a). The movant must then "promptly notify" the Court of Appeals' clerk of the district court's ruling. Id. This Court can then, if it chooses, "remand for further proceedings but retain jurisdiction." Fed. R. App. P. 12.1(b).

Here, as in <u>Maldonado-Rios</u>, the District Court did not "actually issue an indicative ruling." 2015 WL 3652600, at *3. But it could "hardly have more clearly stated" what it would do if faced with a § 3582(c) motion. <u>Id.</u> We will therefore treat the District Court's April 29, 2015 order as if it were an indicative ruling under Rule 12.1. And, having done so, we retain jurisdiction and <u>remand</u> this case to the District Court so that it may enter an order modifying Cardoza's sentence as it has indicated it believes is warranted. Once the District Court enters its modification order, the government and the defendant shall notify this Court within 14 days as to whether there is any reason why the appeal should not then be dismissed.

<u>So ordered.</u>