**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BERNARDO MENDIA,
            *Plaintiff-Appellee*,

            v.

JOHN M. GARCIA; CHING
CHANG,
            *Defendants-Appellants*,

            and

U.S. DEPARTMENT OF
HOMELAND SECURITY,
            *Defendant*.

No. 16-15742
16-16184

D.C. No.
3:10-cv-03910-MEJ

OPINION

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted September 11, 2017
San Francisco, California

Filed November 3, 2017

Before:  Mary M. Schroeder and Richard C. Tallman,
Circuit Judges, and Robert H. Whaley,[*] District Judge.

Opinion by Judge Tallman

**SUMMARY**[**]

**Civil Procedure**

The panel remanded the case to the district court
pursuant to Federal Rule of Appellate Procedure 12.1(b) for
the limited purpose of allowing the district court to make a
final ruling on whether to dismiss plaintiff's claims brought
pursuant to *Bivens v. Six Unknown Named Agents of Fed.
Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff, a United States citizen, sued Immigration and
Customs Enforcement agents and the Department of
Homeland Security under *Bivens* and the Federal Torts
Claims Act, 28 U.S.C. § 1346(b), after agents erroneously
lodged an immigration detainer against him while he was
detained in county jail.  The district court found that the
individual defendants were not entitled to qualified
immunity on plaintiff's *Bivens* claims, and this interlocutory
appeal followed.  After the notice of appeal on the *Bivens*
ruling was filed, however, the district court sanctioned
plaintiff for egregious misconduct during discovery and

---

[*] The Honorable Robert H. Whaley, United States District Judge for
the Eastern District of Washington, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

ultimately dismissed his claims brought pursuant to the FTCA. Defendants then moved in this court for a limited remand pursuant to FRAP 12.1(b) to allow the district court to consider applying the sanction to plaintiff's remaining claims.

The panel held that a limited remand was permissible pursuant to FRAP 12.1 even though defendants had never asked the district court for a targeted indicative ruling under Federal Rule of Civil Procedure 62.1. The panel held that a FRCP 62.1 motion was not a prerequisite for a limited remand under FRAP 12.1(b) where the district court has already indicated it would grant a motion for the requested relief. The panel stated that it was satisfied that the district court made its intentions sufficiently clear in its order dismissing plaintiff's FTCA claim and the panel treated that order as an indicative ruling for the purposes of applying FRAP 12.1.

## COUNSEL

Daniel Aguilar (argued) and H. Thomas Byron III, Appellate Staff; Brian Stretch, United States Attorney; Civil Division, United States Department of Justice, Washington, D.C.; for Defendants-Appellants.

David R. Williams (argued), Ann M. Koppuzha, and Michael J. Shepard, Hogan Lovells US LLP, San Francisco, California, for Plaintiff-Appellee.

**OPINION**

TALLMAN, Circuit Judge:

Bernardo Mendia, a naturalized U.S. citizen, was detained in county jail when Immigration and Customs Enforcement ("ICE") agents John Garcia and Ching Chang lodged an immigration detainer placing a federal hold to pick him up when state authorities were ready to release him. Mendia sued Garcia, Chang, and the Department of Homeland Security under *Bivens*[1] and the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b), asserting violations of his constitutional rights as a U.S. citizen. The district court found that the individual defendants were not entitled to qualified immunity on Mendia's *Bivens* claims, and this interlocutory appeal followed. Discovery proceeded on the remaining claims in district court. After the notice of appeal on the *Bivens* ruling was filed, however, the district court sanctioned Mendia for egregious misconduct during that discovery and ultimately dismissed his FTCA claims. Defendants then immediately moved in our court for a limited remand to allow the district court to consider applying the sanction to Mendia's remaining claims. *See* Federal Rule of Appellate Procedure ("FRAP") 12.1(b).

Under FRAP 12.1(b), a court of appeals may remand a case to the district court, while still retaining jurisdiction, for the limited purpose of allowing that court to make a final ruling on the matter based on an earlier indicative ruling. This procedure is employed in conjunction with Federal

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that a violation of a citizen's constitutional rights by federal officers can give rise to a federal cause of action for damages).

Rule of Civil Procedure ("FRCP") 62.1, which permits a party to request an "indicative ruling" from the district court when that court lacks jurisdiction in the matter based on a pending appeal. Unlike our sister circuits, we have never addressed whether a limited remand is permissible without first moving in the district court under FRCP 62.1 for a targeted "indicative ruling." We hold that it is permissible, and in this case, a limited remand is appropriate so the government can move for dismissal of the remaining claims.

I

Plaintiff-appellee Mendia alleges he was being held in pretrial detention in Contra Costa County, California, when the two ICE agents lodged an immigration detainer, erroneously believing he was subject to removal. Mendia sued the agents and the Department of Homeland Security under *Bivens* and the FTCA. The individual defendants then moved to dismiss the *Bivens* claims on qualified immunity grounds, which the court denied. After Garcia and Chang filed an interlocutory appeal from that denial, the case proceeded to discovery on Mendia's remaining FTCA claims.

During discovery, Mendia repeatedly failed to comply with orders to compel discovery. His misconduct included failing to produce requested documents to support his damages calculations, refusing to attend meet and confer sessions, and failing to appear for his own deposition. When he finally appeared at his rescheduled deposition, Mendia was completely uncooperative and claimed he was unable to recall basic information such as his immediate family members' names, his education and work histories, his current address, or whether he had ever owned a bank account or paid taxes. After giving him several warnings, imposing a $3500 fine, and ordering Mendia to show cause

as to why further sanctions should not be imposed for his repeated noncompliance with his discovery obligations, Magistrate Judge Maria-Elena James finally dismissed Mendia's case with prejudice on May 31, 2017. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Defendants' pending appeal, however, deprived the district court of authority to dismiss the suit in its entirety. As soon as the district court entered its partial dismissal of the FTCA claims, defendants moved for a limited remand under FRAP 12.1(b) to file a motion in the district court to enter the same sanction as to the *Bivens* claims consistent with the May 31 order.

## II

In opposing defendants' motion, Mendia maintains that a limited remand is unavailable here because defendants never asked for an indicative ruling from the district court under FRCP 62.1. In other words, Mendia reads FRAP 12.1 to require, as a prerequisite to a limited remand, a formal FRCP 62.1 motion. Mendia further argues that, even if we decide a prior FRCP 62.1 motion is not required, we should still decline to construe the district court's May 31 order as an "indicative ruling" that it would impose the same sanction as to Mendia's remaining *Bivens* claims on remand. We find these arguments unpersuasive.

## A

FRAP 12.1 permits us to remand a case to the district court, while retaining jurisdiction, for the limited purpose of allowing the district court to take action consistent with an earlier indicative ruling. The advisory committee notes to FRAP 12.1 explain that the rule is intended to work in conjunction with FRCP 62.1, which allows a party to ask the district court for an "indicative ruling" on an issue the court is without jurisdiction to decide because of a pending appeal.

Fed. R. App. P. 12.1 advisory committee's notes to 2009 adoption; *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (holding that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").

FRAP 12.1's text clearly contemplates that its procedures work in tandem with FRCP 62.1. FRAP 12.1(a) provides that if a party makes a FRCP 62.1 motion in district court, and the district court "states either that it would grant the motion or that the motion raises a substantial issue," the party is to notify the circuit clerk. Then, "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." FRAP 12.1(b). The parties are to notify the court of appeals when the district court has decided the motion after remand. Fed. R. App. P. 12.1(b).

## B

Although this is an issue of first impression for us, other circuits have not treated a FRCP 62.1 motion as a prerequisite for ordering a limited remand. Instead, courts have been willing to construe district court actions as indicative rulings even when no FRCP 62.1 motion (or, in the criminal context, a resentencing motion under 18 U.S.C. § 3582(c)) was filed. *See, e.g.*, *Smitherman v. Bayview Loan Servicing, LLC*, 683 F. App'x 325, 326 (5th Cir. 2017) (construing a district court order vacating its judgment and remanding to state court as an indicative ruling under FRCP 62.1(a)(3)); *United States v. Cardoza*, 790 F.3d 247, 248 (1st Cir. 2015) (treating a district court's sua sponte resentencing order as an indicative ruling); *United States v. Maldonado-Rios*, 790 F.3d 62 (1st Cir. 2015) (construing a district court's grant of defendant's resentencing motion as an

indicative ruling); *Mendez v. Republic Bank*, 725 F.3d 651, 656 (7th Cir. 2013) (remanding case under FRAP 12.1 in anticipation of FRCP 60(b) motion).

In *Maldonado-Rios*, for example, the First Circuit noted that while the parties should have followed the procedures contemplated in FRAP 12.1, the district court "could hardly have more clearly stated 'that it would grant the motion,' as Rule 12.1 requires, given that the district court purported to grant the requested relief directly."   790 F.3d at 65. Accordingly, the court construed the district court's action as an indicative ruling, and granted a limited remand to permit the district court to enter its modification order.  *Id.* The appellate court further noted that allowing a limited remand under the circumstances would serve FRAP 12.1's purpose of promoting judicial efficiency.  *Id.* ("[The rule] provides an efficient means of resolving an issue on appeal that the district court is willing to render moot.").  Therefore, in the interest of effectively using our time and resources, as well as a means of legitimate case management, we join our sister circuits in holding that a FRCP 62.1 motion is not a prerequisite for a limited remand under FRAP 12.1(b) where the district court has already indicated it would grant a motion for the requested relief.

## C

Next, we must determine whether the district court's ruling in this case indicates "that it would grant the motion" when it "did not 'actually issue an indicative ruling.'" Fed. R. App. P. 12.1 advisory committee's notes to 2009 adoption; *Cardoza*, 790 F.3d at 248 (quoting *Maldonado-Rios*, 790 F.3d at 65).  Mendia maintains that the district court has not indicated that it would impose the same sanction related to Mendia's *Bivens* claims.  Mendia points out, for example, that the May 31 order fails to make mention

of Mendia's *Bivens* claims. The district court did, however, say that Mendia's refusal to cooperate in discovery affected *all* of his constitutional claims. The court also observed that, because Mendia claims U.S. citizenship derivatively through his mother, his refusal to provide even basic information about his mother (with whom he remains in frequent contact) struck at the "core" of Mendia's action—specifically, his contention that the defendants "violated his constitutional rights by placing an immigration detainer on him despite his United States citizenship." That is sufficient for us to infer that Mendia's intransigent behavior during discovery was related to seeking relevant information concerning *all* of his claims, and it gives us sufficient insight into how the district court would rule on remand.

Although the district court did not explicitly state it would have dismissed Mendia's *Bivens* claims had it retained jurisdiction over those claims, it would be reasonable for the district court to decline to make such a statement, knowing it lacked authority to address them while this appeal was pending, and that such a ruling would have been in excess of its power at that time. We are satisfied the district court made its intentions sufficiently clear in the May 31 order and we will treat that order as an indicative ruling for the purposes of applying FRAP 12.1.

We retain jurisdiction of the case and remand Mendia's *Bivens* claims for the limited purpose of permitting the government to move, and the district court to rule, on the application of its earlier order. The appeal on the merits shall be held in abeyance without prejudice to each party's position on the merits pending the results of the limited remand we have ordered. Consistent with FRAP 12.1(b), the parties shall notify the circuit clerk when the district court has decided the motion on remand.

Each party shall bear its own costs.

**REMANDED** with instructions.