# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 17-50709
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PETE LUCERO,

      Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-30-2

_____

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

The United States and Pete Lucero ask us to dismiss this appeal because they believe it is moot. It is not. The district court lacked jurisdiction to enter the order that purportedly moots the dispute. Nevertheless, because the district court's original judgment remains in effect and omits limitations on a

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

condition of supervised release that were announced orally at sentencing, we vacate the August 25, 2017, judgment and remand to allow the district court to implement its indicative ruling.

## I.

Pete Lucero pleaded guilty to conspiring to possess methamphetamine, heroin, and cocaine with intent to distribute the drugs. 21 U.S.C. § 841(a)(1), (b)(1)(A); *id.* § 846. At sentencing, the district court sentenced Lucero to 210 months in prison followed by 60 months of supervised release. It also imposed special conditions on his supervised release, including a requirement that Lucero submit to searches by a probation officer. The court authorized such searches "only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the area to be searched contains evidence of this violation." ROA.104. On August 25, 2017, the district court entered its judgment. But it failed to include the limiting language about probation officer searches.

Lucero appealed, raising challenges to his sentence.[1] On September 27, 2018—more than a year after Lucero filed a notice of appeal—the Government moved to amend the judgment to correct the variation between the district court's written judgment and its oral pronouncement at sentencing. *United States v. Lucero*, No. 7:17-cr-00030-DC-2, ECF No. 179, at 1–2 (W.D. Tex.). And the district court agreed. The very next day it added a sentence to the judgment purporting to clarify that a probation officer may search Lucero only

---

[1] The district court sentenced Lucero on August 17, 2017. That same day, Lucero's trial counsel filed a notice of appeal and a motion to withdraw as counsel. Eight days later, on August 25, 2017, the district court entered its final judgment. By rule, Lucero's notice of appeal became effective on the date of the final judgment (August 25, 2017), notwithstanding that it was filed eight days earlier. *See* FED. R. APP. P. 4(b)(2) ("A notice of appeal filed . . . before the entry of the judgment or order . . . is treated as filed on the date of and after the entry.").

if he has reasonable suspicion.  Everyone seemingly got what they wanted, which is why the parties think the appeal is moot.

But it's not—because the district court lacked jurisdiction to amend Lucero's judgment.  The general rule is that a case can exist only in one court at a time, and a notice of appeal permanently transfers the case to us until we send it back:  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 378–79 (1985).  Lucero's notice of appeal became effective on August 25, 2017, which triggered our jurisdiction and eliminated the district court's jurisdiction to act under Criminal Rule 36.  A year later, the Government asked the district court to fix Lucero's judgment.  Alas, the district court had no power to do so. *See* 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3949.1 (4th ed. 2018) ("[A]ctions taken by the district court in violation of this principle are null and void.").

## II.

True, there are exceptions to the general one-court-at-a-time rule.  For example, in a subsection titled "Jurisdiction," Appellate Rule 4(b)(5) carves out a single exception for Criminal Rule 35(a):  "The filing of a notice of appeal . . . does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a)."  FED. R. APP. P. 4(b)(5). Similarly, Appellate Rule 4(b)(3) creates an exception for motions under Criminal Rules 29, 33, and 34.  FED. R. APP. P. 4(b)(3)(A)–(B); *Stone v. Immigration & Naturalization Serv.*, 514 U.S. 386, 401–03 (1995).

3

Neither one mentions Criminal Rule 36. The implication of that silence is deafening. *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS § 10 (2012) (discussing *expressio unius* canon). Supreme Court precedent, moreover, confirms what implication suggests: Motions that are not enumerated in Appellate Rule 4 "do not affect the finality of a district court's judgment, either when filed before the appeal (no tolling), or afterwards (appellate court jurisdiction not divested)." *Stone*, 514 U.S. at 403.

What happened here? The Government moved to amend the judgement under Criminal Rule 36—not Criminal Rules 29, 33, 34, or 35(a). *Compare* FED. R. CRIM. P. 35(a) ("Correcting Clear Error"), *with* FED. R. CRIM. P. 36 ("Clerical Error"). Other exceptions—like district court jurisdiction to issue orders in aid of appellate jurisdiction—likewise do not apply. *See* 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3949.1 (4th ed. 2018) (collecting exceptions).

Arguably one circuit has held that Criminal Rule 36 itself carves out another exception to the general one-court-at-a-time rule. *United States v. McGee*, 981 F.2d 271, 273 (7th Cir. 1992); *but see United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) (Easterbrook, C.J.) ("[N]either *McGee* nor any other opinion that we have been able to find allows a district court to use Rule 36 to change the precise feature of a disposition that is under appellate review."). And we have endorsed that view in dicta in an unpublished opinion. *See United States v. Podio*, 672 F. App'x 487, 488 (5th Cir. 2017) (per curiam) (stating in dicta that "Rule 36 is an exception to the general rule of divesting district court jurisdiction on appeal"). We have not, however, squarely addressed the question in a holding.

4

Today we do.  And we make clear the general one-court-at-a-time rule applies to Criminal Rule 36:  In a criminal case, an effective notice of appeal divests the district court of jurisdiction, and a district court cannot use a Rule 36 motion to reacquire it and entertain a later-filed motion to correct a clerical error.

The fact that Criminal Rule 36 permits the district court to correct a clerical error "at any time" does not change things.  *See McGee*, 981 F.2d at 273.  That language tells us only that a Rule 36 motion will never be *untimely*. *See, e.g.*, *United States v. Mackay*, 757 F.3d 195, 196 (5th Cir. 2014) (directing district court to correct a clerical error under Criminal Rule 36 thirteen years after the judgment).  It does nothing to suggest a district court can use Criminal Rule 36 to divest us of jurisdiction, nor does it negate the general rule that "[o]nly one court at a time has jurisdiction over a subject."  *McHugh*, 528 F.3d at 540; *see Griggs*, 459 U.S. at 58–60.

## III.

There's still a good reason to summarily dispose of the appeal—namely, the indicative-ruling doctrine—and it reinforces our conclusion that the district court lacked jurisdiction to correct Lucero's sentence.  Since 2012, the Appellate Rules and Criminal Rules have anticipated scenarios just like this one.  *See* 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3958.10 n.9 (4th ed. 2018); 3 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 644 (4th ed. 2018).  Where a party asks a "district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending," a district court may state "that it would grant the motion" if it could.  FED. R. APP. P. 12.1(a); FED. R. CRIM. P. 37(a)(3).  Armed with that "indicative ruling," we may remand so the district court can do what it said it would do.  *See* FED. R. CRIM. P. 37(c).

5

It makes no difference that the district court here thought (incorrectly) that it had jurisdiction when it entered its order. The indicative-ruling regime applies just the same where the indicative ruling is implied. *See, e.g.*, *Mendia v. Garcia*, 874 F.3d 1118, 1121–22 (9th Cir. 2017); *United States v. Cardoza*, 790 F.3d 247, 248–49 (1st Cir. 2015) (per curiam); *Smitherman v. Bayview Loan Servicing, L.L.C.*, 683 F. App'x 325, 326 (5th Cir. 2017) (per curiam). Accordingly, we "treat the district court's ineffectual sentence [alteration] order as an indicative notice that, on remand, the district court is prepared to grant such a[n] [alteration]." *United States v. Rodríguez-Milián*, 820 F.3d 26, 35–36 (1st Cir. 2016).

We vacate the district court's original judgment entered on August 25, 2017. *See* 28 U.S.C. § 2106 (any appellate court "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and . . . require such further proceedings to be had as may be just under the circumstances"); *Lawrence v. Chater*, 516 U.S. 163, 166–68 (1996) (per curiam). This should aid the district court in implementing its indicative ruling and avoid any potential unfairness to Lucero.

\* \* \*

Based on the district court's implied indicative ruling, we DENY the Government's unopposed motion to dismiss the appeal, but we VACATE the original judgment and REMAND to the district court. We also DENY as moot the Government's alternative unopposed motion for an extension of time to file its appellee's brief.

6