19-471, 22-1383
*Gustavia Home LLC v. Hoyer; Hoyer v. Bank of Am.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of August, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges*.

_____

GUSTAVIA HOME, LLC,

> *Plaintiff-Counter-*
> *Defendant-Appellee*,

　　　　v.　　　　　　　　　　　　　　　　　　　　　　　19-471

YVETTE HOYER, SHAUNA M. PAUL,

> *Defendants-Counter-*
> *Claimants-Appellants*,

UNITED STATES INTERNAL REVENUE
SERVICE, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD,
JOHN DOE 1 THROUGH 12, SAID PERSONS
OR PARTIES HAVING OR CLAIMED TO HAVE A
RIGHT, TITLE OR INTEREST IN THE MORTGAGED
PREMISES HEREIN, THEIR RESPECTIVE NAMES
ARE PRESENTLY UNKNOWN TO PLAINTIFF,

> *Defendants*.

_____

YVETTE HOYER,

        *Plaintiff-Appellant*,

        v.                                                    22-1383

BANK OF AMERICA, NATIONAL ASSOCIATION,
FIRST FRANKLIN FINANCIAL, A DIVISION OF
NAT CITY BANK OF INDIANA, FIRST FRANKLIN
FINANCIAL CORPORATION, BSI FINANCIAL
SERVICES, INC., DTA SOLUTIONS LLC, GUSTAVIA
HOME, LLC, CREDIT CONTROL, LLC, LAND HOME
FINANCIAL SERVICES, INC., WILMINGTON TRUST,

        *Defendants-Appellees*.

_____

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLEE:

SETH D. WEINBERG, Margolin, Weinreb &
Nierer, LLP, Syosset, New York.

FOR DEFENDANTS-COUNTER-
CLAIMANTS-APPELLANTS:

Yvette Hoyer, *pro se*, and Shauna M. Paul,
*pro se* (Steven Amshen, Petroff Amshen LLP,
*on the brief*), Brooklyn, New York.

FOR PLAINTIFF-APPELLANT:

NIGEL E. BLACKMAN, EastBrook Legal Group,
New York, New York.


Appeals from an order and a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen and Eric R. Komitee, *Judges*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals are **DISMISSED** without prejudice, and the cases are **REMANDED** for further proceedings consistent with this summary order.

These tandem appeals arise out of the diversity mortgage foreclosure action commenced by Appellee Gustavia Home, LLC ("Gustavia") under Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") § 1301, seeking to foreclose on a mortgage, which was

executed by Appellant Yvette Hoyer, encumbering the property owned by Hoyer and Appellant Shauna Paul (together, "Appellants") at 361 Vernon Avenue, Brooklyn, New York. In January 2019, the district court granted summary judgment to Gustavia, holding that it had submitted evidence establishing the elements of a foreclosure claim, and rejecting Appellants' various affirmative defenses (the "Foreclosure Action"). *See generally Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71 (E.D.N.Y. 2019). In February 2019, the district court issued a judgment of foreclosure and sale.[1] In June 2022, on the eve of the scheduled auction, Hoyer filed a new lawsuit and an emergency motion for injunctive relief in the district court to prevent the foreclosure sale (the "Second Action"). The district court denied the request for emergency relief, concluding that the motion was an attempt to "regurgitate the same arguments previously rejected by the Court" and "failed to demonstrate the elements warranting a temporary restraining order." No. 22-1383, Joint App'x at 4. This appeal challenges the district court's judgment of foreclosure and sale in favor of Gustavia in the Foreclosure Action and denial of Appellants' cross-motion for summary judgment, No. 19-471, as well as the district court's denial of Hoyer's emergency motion for

---

[1] Appellants appealed the January 2019 summary judgment order to this Court and sought to stay the foreclosure sale on an emergency basis. We denied this emergency request in May 2019. In July 2019, after holding a hearing, the district court denied another motion to stay the foreclosure sale, and we denied Appellants' motion for a similar stay, construing it as a motion for reconsideration of our May 2019 denial of a stay of the foreclosure sale pending appeal. Hoyer then filed for bankruptcy in the United States District Court for the Eastern District of New York, which automatically stayed the appeal and proceedings in the district court. In September 2019, while the bankruptcy stay remained in effect, Paul filed a motion to set aside the January 2019 summary judgment order and, in March 2021, after Hoyer's first bankruptcy case closed, the district court denied that motion. In October 2021, Hoyer filed another bankruptcy case, which was voluntarily dismissed shortly thereafter. In March 2022, Paul also filed for bankruptcy. In April 2022, the bankruptcy judge, on Gustavia's motion, modified the automatic bankruptcy stay to permit Gustavia "to pursue any and all action to exercise its remedies with respect to the real property known as 361 Vernon Avenue, Brooklyn, NY." 2d Cir. No. 19-471, ECF No. 140 at 4. Paul's bankruptcy case was closed in June 2023.

3

injunctive relief in the Second Action, No. 22-1383.[2]   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

On appeal, Appellants principally argue that summary judgment was improper because Gustavia failed to make a *prima facie* showing that it provided a pre-foreclosure notice required under RPAPL § 1304 and the contractual terms of the mortgage note.   In particular, Appellants contend that the discrepancies in the notices with respect to the amount owed rendered them "facially defective" so as to preclude summary judgment in favor of Gustavia.   Appellants' Br. at 7.

However, on May 19, 2025, after these tandem cases had been submitted to this Court, the district court in the Foreclosure Action *sua sponte* issued an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1, notifying the parties and this Court that, after further review of the pleadings and briefing in the Second Action, summary judgement may have been "erroneously granted" to Gustavia because "the evidence in [the Second Action] call[s] into question the validity" of certain evidence used to establish that Gustavia was entitled to foreclose on the property.   Dist. Ct. Dkt. No. 16-cv-4015 Minute Entry May 19, 2025.   The order further provided that the district court would "reconsider its decision granting summary judgment, should the Second Circuit remand for this purpose" and that "upon reconsideration, the Court would likely

---

[2]   On May 15, 2024, after briefing had been completed but before the case was submitted to this Court, Hoyer filed for bankruptcy a third time in the United States District Court for the Eastern District of New York.  *See In re Hoyer*, No. 1-24-42032-nhl (Bankr. E.D.N.Y. May 15, 2024).   This bankruptcy case was dismissed on September 19, 2024, and the Chapter 13 trustee issued her final report and account on October 22, 2024.

reverse its summary judgment decision and find that a genuine dispute of fact has been raised about [Gustavia]'s claim that [Appellants'] mortgage was properly assigned to [Gustavia]." *Id.*

To be sure, the filing of a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, Rule 62.1 "authorizes a district court whose jurisdiction has been divested by an appeal to 'state either that it would grant the [relevant] motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154, 159 n.4 (2d Cir. 2014) (quoting Fed. R. Civ. P. 62.1(a)(3)). Moreover, pursuant to Federal Rule of Appellate Procedure 12.1(b), "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).

Here, remand of the appeals is warranted.[3] Given the district court has indicated that the award of summary judgment in favor of Gustavia, which forms the basis of this appeal, may have

---

[3] Although other circuits have remanded under Rules 12.1 and 62.1 when a district court issues an indicative ruling *sua sponte*, as opposed to in response to a motion, we have never addressed that issue. *See Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) (holding that, even in the absence of a Rule 62.1 motion, "[Rule] 12.1 permits [the circuit court] to remand a case to the district court, while retaining jurisdiction, for the limited purpose of allowing the district court to take action consistent with an earlier indicative ruling" and noting that "other circuits have not treated a [Rule 62.1] motion as a prerequisite for ordering a limited remand") (collecting cases). However, we need not decide that issue here because the district court directed the parties to file a response to its indicative ruling and Appellants filed a letter stating that they "fully support the Court's Indicative Ruling and aver that the law weighs heavily in favor of the court's Indicative Ruling." Dist. Ct. Dkt. No. 16-cv-4015, ECF No. 136 at 1. Thus, to the extent a motion is required under the applicable rules, we conclude that Appellants' letter to the district court has now satisfied that requirement. In any event, in its letter to the district court, Gustavia did not raise any objection to the absence of a motion and, therefore, has waived this issue.

5

been erroneously granted and that it would likely reverse its decision, we need not address Appellants' challenges to a judgment that may ultimately be vacated. Further, in light of the indicative ruling, we also decline to address Hoyer's challenges to the denial of the emergency motion for injunctive relief in the Second Action. Because the district court denied that motion on the ground that Hoyer reiterated arguments previously rejected in the district court's summary judgment order in the Foreclosure Action, remand is appropriate so that the district court can determine in the first instance whether any decision to vacate its summary judgment order impacts the denial of the emergency motion in the Second Action.

*        *        *

For the foregoing reasons, the appeals are **DISMISSED** without prejudice, and the cases are **REMANDED** for further proceedings consistent with this summary order. Appellants may seek reinstatement of these appeals should the district court's actions on remand still result in a final judgment. Should Appellants desire such reinstatement, the restoration of jurisdiction will be automatically triggered by a letter from Appellants, submitted to the Clerk of the Court within fourteen days of the district court's decision. The Clerk shall reassign the appeal to this panel, without need for Appellants to file a new notice of appeal. If any party other than Appellants is aggrieved by, and desires review of, a new final decision issued by the district court on remand, that party must file a notice of appeal (or notice of cross-appeal, if Appellants have appealed), and that party's appeal (if it is not a cross-appeal) will be calendared in the ordinary course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court