# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2024

Lyle W. Cayce
Clerk

_____

No. 23-40312
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Brenda Belinda Barba,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-2453-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Brenda Belinda Barba challenges her sentence following her guilty plea conviction for smuggling goods from the United States in violation of 18 U.S.C. § 554(a). She argues the pistols and ammunition she attempted to smuggle from the United States into Mexico did not create a security or foreign policy risk to the United States and, therefore, the appropriate base

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

offense level under U.S.S.G. § 2M5.2 is 14, not 26.  Additionally, she argues the district court erred in failing to depart downward based on the commentary to Section 2M5.2.

"We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error."  *United States v. Hernandez*, 876 F.3d 161, 164 (5th Cir. 2017).  The district court's factual findings are entitled to deference and will not be reversed if they are plausible in light of the entire record.  *United States v. Lucio*, 985 F.3d 482, 485 (5th Cir. 2021); *see also United States v. Ochoa-Gomez*, 777 F.3d 278, 282 (5th Cir. 2015) ("A factual finding that is plausible based on the record as a whole is not clearly erroneous.").

A base offense level of 26 is "the default level for unlawful exportation of firearms."  *United States v. Gonzalez*, 792 F.3d 534, 539 (5th Cir. 2015); *see* § 2M5.2(a)(1).  However, the base offense can be lowered to 14 "if the offense involved only (A) non-fully automatic small arms (rifles, handguns, or shotguns), and the number of weapons did not exceed two, (B) ammunition for non-fully automatic small arms, and the number of rounds did not exceed 500, or (C) both."  § 2M5.2(a)(2).  Application Note One of Section 2M5.2 explains that the prescribed "base offense level assumes that the offense conduct was harmful or had the potential to be harmful to a security or foreign policy interest of the United States," and that, "[i]n the unusual case where the offense conduct posed no such risk, a downward departure may be warranted."  § 2M5.2, cmt. note 1.

Here, the presentence report ("PSR") states border agents found two non-fully automatic pistols and 550 rounds of ammunition.  The district court was free to adopt this factual finding by the PSR, as there is nothing in the record to indicate that it did not have an adequate evidentiary basis and, further, Barba did not present rebuttal evidence or otherwise demonstrate

the information was unreliable. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). Accordingly, the district court's factual finding in this regard was not clearly erroneous, and the district court did not err in concluding that the base offense level of 26 under Section 2M5.2(a)(1) applied. *See Hernandez*, 876 F.3d at 164; *see also Gonzalez*, 792 F.3d at 539 (stating a finding that the offense involved more than 500 rounds of ammunition "dooms [the] sentencing argument given that the ammunition finding alone prevents application of the lower offense level").

As for Barba's contention that the district court erred when it failed to grant a downward departure based on the commentary to Section 2M5.2, we lack jurisdiction "to review a sentencing court's refusal to grant a downward departure unless the court based its decision upon an erroneous belief that it lacked the authority to depart." *United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018) (quotation marks and citation omitted). Barba does not argue, and the record does not suggest, that the district court was unaware of its authority to depart from the Guidelines range. *See id.*

Lastly, after Barba filed her notice of appeal, the district court amended the judgment pursuant to Federal Rule of Criminal Procedure 36 to correct a clerical error as to the end date of the offense of conviction. The district court, however, was without jurisdiction to enter the amended judgment during the pendency of this appeal because Barba's "notice of appeal . . . divested the district court of jurisdiction to act under Rule 36." *United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023).

Accordingly, the judgment of the district court is AFFIRMED IN PART, and the appeal is DISMISSED IN PART for lack of jurisdiction. Further, the district court's amended judgment is VACATED, and the case is REMANDED for the limited purpose of allowing the district court to correct the original judgment's clerical error.