# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10199
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2024

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

*versus*

Pablo Santana Arellano,

Defendant—Appellant.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:21-CR-88-1

———————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Pablo Santana Arellano appeals his jury trial convictions for (1) conspiracy to distribute and possess 400 grams or more of a mixture or substance containing a detectable amount of fentanyl with intent to distribute (Count One) and (2) possession of a mixture or substance containing a detectable amount of fentanyl with intent to distribute (Count

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10199

Two). He asserts that the district court violated his right to confrontation by limiting his cross-examination of his codefendant, Bridgette Star Gardeazabel. He maintains that the district court did not allow him to expose Gardeazabel's hope for a sentence of probation and avoidance of a 10-year mandatory minimum term of imprisonment.

"We review alleged Sixth Amendment Confrontation Clause violations de novo, but any violations are subject to a harmless error analysis." *United States v. Templeton*, 624 F.3d 215, 223 (5th Cir. 2010). "If there is no Confrontation Clause violation, we review the district court's limitation of cross-examination for abuse of discretion." *Id.* To demonstrate an abuse of discretion, the defendant must show clear prejudice. *United States v. Davis*, 393 F.3d 540, 548 (5th Cir. 2004). "That is, the defendant must show that a reasonable jury might have had a significantly different impression of the witness's credibility if defense counsel had been allowed to pursue the questioning." *Id.*

The Confrontation Clause is generally satisfied when defense counsel has been "permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *United States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993) (internal quotation marks and citation omitted). "The relevant inquiry is whether the jury had sufficient information to appraise the bias and motives of the witness." *United States v. Tansley*, 986 F.2d 880, 886 (5th Cir. 1993).

The district court did not violate the Confrontation Clause of the Sixth Amendment or abuse its discretion by limiting the cross-examination of Gardeazabel. Her potential bias and motivation were adequately addressed by defense counsel on cross-examination. *See Tansley*, 986 F.2d at 886. The only limitations on defense counsel's cross-examination of Gardeazabel were

2

that counsel could not ask Gardeazabel about the specific sentence she hoped she would receive or about the specific mandatory minimum for Count One. The jury was made aware that (1) Gardeazabel had entered into a plea agreement with the Government; (2) the Government had agreed to dismiss one of the counts against her, which carried a mandatory minimum term of imprisonment and a maximum of life; (3) the count to which she pleaded guilty carried a 20-year maximum but no mandatory minimum; and (4) she had agreed to cooperate with the Government by providing truthful testimony, in return for which the Government would ask for a lesser sentence. "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). Arellano has not shown that reasonable jurors would have received a significantly different impression of Gardeazabel's credibility had she testified about the specific sentence she hoped to receive or about the specific mandatory minimum for Count One. *See Davis*, 393 F.3d at 548.

Finally, after Arellano filed his notice of appeal, the district court amended the judgment pursuant to Federal Rule of Criminal Procedure 36 to correct a clerical error as to Arellano's United States Marshal's number. The district court, however, was without jurisdiction to enter the amended judgment during the pendency of this appeal because Arellano's "notice of appeal . . . divested the district court of jurisdiction to act under Rule 36." *United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023).

Accordingly, the original judgment of the district court is AFFIRMED, but we REMAND for the limited purpose of allowing the district court to correct the original judgment's clerical error. *See* Fed. R. Crim. P. 36.