# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50301
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Senovio Rodriguez-Salas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-1541-1

_____

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Senovio Rodriguez-Salas appeals his guilty plea conviction and sentence for illegal reentry into the United States after having been previously removed in violation of 8 U.S.C. § 1326(b)(2). On appeal, Rodriguez-Salas raises for the first time that the district court judgment

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

incorrectly cites only 8 U.S.C. § 1326 instead of citing the appropriate statutory subsection under which he was convicted and sentenced.

First, this Court has a duty to examine the basis of its jurisdiction, sua sponte if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). After Rodriguez-Salas filed his notice of appeal, the district court entered an amended judgment correcting the sentencing date and then entered a second amended judgment that corrected a typographical error with respect to where Rodriguez-Salas should be incarcerated. The district court, however, was without jurisdiction to enter the amended judgments during the pendency of this appeal because Rodriguez-Salas's "notice of appeal . . . divested the district court of jurisdiction to act under [Federal Rule of Criminal Procedure 36]." *United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023).

Next, because the original judgment cites only the general statute of § 1326 and does not specify a subsection, we remand for the district court to correct the judgment to reflect that Rodriguez-Salas was convicted and sentenced under § 1326(b)(2). *See United States v. Huerta-Rodriguez*, 64 F.4th 270, 279–80 (5th Cir. 2023); Fed. R. Crim. P. 36.

The district court's second amended judgment is VACATED for lack of jurisdiction, and the case is REMANDED for the limited purpose of allowing the district court to correct the original judgment's clerical errors.