# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-20511
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PATRICK OSEMWENGIE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-332-1

---

Before DUNCAN, WILSON, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Patrick Osemwengie of conspiring to defraud the United States and to pay and receive health care kickbacks, in violation of 18 U.S.C. § 371. During sentencing, the district court imposed a six-level enhancement under U.S.S.G. § 2B1.1(b)(1), which was applicable pursuant to U.S.S.G. § 2B4.1(b)(1), based on its estimate of a total loss to Medicare of

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

$68,019.87.  The district court then varied downwards from the guidelines range of 15 to 21 months, imposing a 12-month sentence in which Osemwengie would serve the first six months in prison and the other six months in home detention.  Osemwengie challenges his sentence on appeal.

First, Osemwengie argues that the Government did not satisfy its burden of proof as to the loss amount under § 2B1.1(b)(1) because it did not correlate each kickback paid to Osemwengie with a specific beneficiary.  As Osemwengie preserved this claim, we review the district court's interpretation of the Guidelines de novo and its factual findings for clear error.  *See United States v. Shah*, 95 F.4th 328, 382 (5th Cir. 2024).

"Generally, the government must show by preponderance of the evidence the amount of loss attributable to fraudulent conduct."  *United States v. King*, 93 F.4th 845, 852 (5th Cir. 2024).  "A district court may rely upon information in the PSR [presentence report] in making its loss-amount estimate, so long as that information bears some indicia of reliability."  *Id.* (internal quotation marks and citation omitted).  If a defendant challenges the PSR, the defendant "bears the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is inaccurate or materially untrue."  *United States v. Danhach*, 815 F.3d 228, 238 (5th Cir. 2016) (internal quotation marks and citation omitted).

"[T]he amount fraudulently billed to Medicare . . . is prima facie evidence of the amount of loss the defendant intended to cause."  *United States v. St. Junius*, 739 F.3d 193, 214 (5th Cir. 2013) (internal quotation marks and citation omitted).  Here, the district court's loss estimate of $68,019.87 was based on the amount that two home health care companies billed Medicare for beneficiaries referred to them by Osemwengie, as set forth in the final PSR.  An investigator with the Texas Attorney General's Medicare and Medicaid Fraud Control Unit testified that these figures in the

final PSR's loss table were derived from Medicare claims data and based on interviews with beneficiaries conducted during the investigation into Osemwengie. As these loss figures in the PSR arose out of a law enforcement investigation, they bore indicia of reliability. *See United States v. Dickerson*, 909 F.3d 118, 128 (5th Cir. 2018).

Although Osemwengie asks for further backup information for the loss figures, the loss amount "need only be a reasonable estimate . . . based on available information." *Shah*, 95 F.4th at 382 (internal quotation marks, brackets, and citation omitted). Furthermore, Osemwengie has not presented evidence that rebuts the PSR as to these loss amounts. Without such evidence, Osemwengie's "mere speculation is insufficient to show" that the district court erred in adopting the loss figures. *United States v. De Nieto*, 922 F.3d 669, 676 (5th Cir. 2019). Accordingly, his challenge on this issue fails. *See Danhach*, 815 F.3d at 238.

Second, Osemwengie contends that the district court erred by relying on § 2B1.1 commentary to calculate the total loss amount based on intended loss rather than actual loss. Osemwengie's argument hinges on *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), which addresses the deference framework applicable to an agency's interpretations of its own regulations. *See Kisor*, 139 S. Ct. at 2408.

This court need not decide whether Osemwengie preserved his *Kisor*-based claim because his challenge "fails under any standard of review." *See United States v. Sepulveda*, 64 F.4th 700, 709 (5th Cir. 2023). We have held that *Kisor* does not govern the guidelines and its commentary. *United States v. Vargas*, 74 F.4th 673, 677-78 (5th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 828 (2024). Accordingly, *Vargas* forecloses the *Kisor*-based challenge to the § 2B1.1 commentary that Osemwengie raises here.

No. 23-20511

Third, Osemwengie argues that his sentence is substantively unreasonable because it is greater than necessary in violation of 18 U.S.C. § 3553(a). In support, he argues that the sentence overstates the seriousness of his offense, fails to account for his exceptionally low risk of recidivism, and limits his ability to pay restitution.

Because Osemwengie preserved his challenge, our review is for abuse of discretion. *United States v. Willis*, 76 F.4th 467, 477 (5th Cir. 2023). As his sentence is below the guidelines range, it is presumed to be reasonable. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). To rebut that presumption, Osemwengie must demonstrate that the sentence: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 558 (internal quotation marks and citation omitted).

Notably, the district court explicitly determined that the downward variance it awarded adequately addressed the sentencing factors set forth in § 3553(a), which include the nature and seriousness of the offense, the defendant's characteristics, and the need for restitution. ROA.766; *see also* ROA.757. Moreover, Osemwengie has not shown that the district court gave significant weight to an irrelevant or improper factor, failed to consider a relevant factor that should have received significant weight, or committed a clear error of judgment in balancing the § 3553(a) factors. *See Simpson*, 796 F.3d at 558-59. Accordingly, Osemwengie has not rebutted the presumption of reasonableness that applies to his below-guidelines sentence. *See id.* at 557-59.

AFFIRMED.