# United States Court of Appeals
# for the Fifth Circuit

––––––––––––––

No. 24-20069
Summary Calendar

––––––––––––––

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEROY KING,

*Defendant—Appellant*.

––––––––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-342-5

––––––––––––––––––––––––––––––––––

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

JACQUES L. WIENER, JR., *Circuit Judge*:[*]

Defendant-Appellant Leroy King, federal prisoner # 01512-579, is serving consecutive 60-month sentences that were imposed on his convictions of conspiring to obstruct an investigation of the Securities and Exchange Commission (SEC), obstructing an SEC investigation, and aiding and abetting. The instant appeal is taken from an order issued sua sponte by

––––––––––––––––––––

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the district court regarding a sentence reduction under 18 U.S.C. § 3582(c)(2). As King points out in his pro se brief, the order from which he timely appealed—dated January 19, 2024, and entered on January 23, 2024—fails to indicate the district court's ruling as to a reduction in King's sentence.

Pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1292, this court's appellate jurisdiction extends only to (1) appeals from final decisions, (2) specific types of interlocutory decisions, and (3) other orders that are properly certified for appeal by the district court. *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006). We must dismiss an appeal taken from a non-appealable order for lack of jurisdiction. *See id.*

Here, the order appealed from by King is not a final decision because it does not rule on the merits of a motion for a sentence reduction or otherwise bring the litigation to an end. *See Frizzell v. Sullivan*, 937 F.2d 254, 255 (5th Cir. 1991). Neither does that order fall into the limited category of interlocutory orders over which this court has jurisdiction. *See* 28 U.S.C. § 1292(a).

Although the district judge, through the clerk of the district court, later added a second order to the record which would have denied a sentence reduction, once King filed his notice of appeal—on or about February 4, 2024—the district court lacked jurisdiction to enter such an order. *See United States v. Willis*, 76 F.4th 467, 471 (5th Cir. 2023). Furthermore, even if the district court's failure to indicate that a decision in its first order was inadvertent, the "notice of appeal nevertheless divested the district court of jurisdiction to act" under Federal Rule of Criminal Procedure 36, which allows correction of clerical errors. *See id.* at 472. The district court's second order, which purports to deny a sentence reduction, is therefore "null and void." *Id.* at 473 (quotation marks and citation omitted). Because the instant

appeal is taken from a non-appealable order, it must be dismissed. *See Powell*, 468 F.3d at 863.

King also contends that this court should order his case reassigned to a different district judge. He argues that reassignment is warranted because the district judge's determination, at King's original sentencing, that he deserves statutory maximum sentences, and the judge's attempt to deny a sentence reduction in the underlying action, show that the district judge would be unable to reach a different conclusion regarding King's sentence, no matter the circumstances.

Although we lack appellate jurisdiction in this matter, "[t]his court has the discretion to treat an appeal as a petition for a writ of mandamus." *In re Grand Jury Subpoena*, 190 F.3d 375, 389 n.16 (5th Cir. 1999). Issues of judicial reassignment may be resolved via a mandamus petition. *See In re DaimlerChrysler Corp.*, 294 F.3d 697, 698-99 (5th Cir. 2002). We therefore treat the instant appeal as a request for mandamus relief. *See In re Grand Jury Subpoena*, 190 F.3d at 389 n.16.

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). Parties seeking mandamus relief must show both that they have no other adequate means to obtain the requested relief and have a "clear and indisputable" right to the writ. *Id.* (internal quotation marks and citation omitted).

"The power to reassign is an extraordinary one and is rarely invoked." *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 892 (5th Cir. 2021) (internal quotation marks and citation omitted). "[R]eassignments should be made infrequently and with great reluctance." *Id.* (alteration in original) (citation omitted).

No. 24-20069

As we noted in *Miller*, there are two tests for determining whether to reassign a case to a different district judge. *Id*. at 892–93. Under the more stringent test, we should consider whether (1) "the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his mind or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected," (2) "reassignment is advisable to preserve the appearance of justice," and (3) "reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id*. (quoting *In re DaimlerChrysler Corp.*, 294 F.3d at 700-01). "The more lenient test looks at whether the judge's role might reasonably cause an objective observer to question [the judge's] impartiality." *Id*. at 893 (internal quotation marks and citation omitted).

King has not shown that reassignment is warranted under either test, and he falls far short of demonstrating that he is clearly and indisputably entitled to a writ of mandamus. *See In re Willy*, 831 F.2d at 549. We therefore decline to grant mandamus relief.

APPEAL DISMISSED; MANDAMUS DENIED.

4