# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2025

Lyle W. Cayce
Clerk

————————

No. 24-40721
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANA MARIA PENA GUTIERREZ,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:22-CR-815-1

———————————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Ana Maria Pena Gutierrez appeals her jury trial convictions for one count of conspiracy to import 50 grams or more of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine and one count of possession with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

containing a detectable amount of methamphetamine. Pena Gutierrez received a below-guidelines sentence of two concurrent terms of 210 months of imprisonment and two concurrent terms of five years of supervised release.

First, this court has a duty to examine the basis of its jurisdiction, *sua sponte*, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). After Pena Gutierrez filed her notice of appeal, the district court entered an amended judgment correcting a clerical error in the original judgment. The original judgment states that Pena Gutierrez pled guilty to Count One, when, in fact, she was found guilty on both counts following a jury trial. The district court, however, was without jurisdiction to enter the amended judgment during the pendency of this appeal because Pena Gutierrez's "notice of appeal [] divested the district court of jurisdiction to act under [Federal Rule of Criminal Procedure 36]." *United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023).

On appeal, Pena Gutierrez challenges the application of a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) based on the district court's finding that she played an aggravating role in the conspiracy. Because Pena Gutierrez preserved the argument she raises on appeal, we review the court's factual finding for clear error. *See United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015).

The record as a whole plausibly supports the district court's finding that § 3B1.1(c) applied, as Pena Gutierrez recruited at least one coconspirator, paid the recruit for his role in the conspiracy, and arranged for the recruit to transport methamphetamine. *See Ochoa-Gomez*, 777 F.3d at 282; § 3B1.1, comment. (n.4); *United States v. Guzman-Reyes*, 853 F.3d 260, 265-66 (5th Cir. 2017). Therefore, the district court did not clearly err by applying the enhancement. *See Ochoa-Gomez*, 777 F.3d at 281-82.

No. 24-40721

Accordingly, the original judgment of the district court is AFFIRMED. The district court's amended judgment is VACATED for lack of jurisdiction, and the case is REMANDED for the limited purpose of allowing the district court to correct the original judgment's clerical error.