# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2026

Lyle W. Cayce
Clerk

———————

No. 25-50282
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ignacio Alejandro Jimenez-Marquez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2378-1

———————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Ignacio Alejandro Jimenez-Marquez was convicted of one count of illegal reentry into the United States and sentenced to serve a 46-month term in prison and a three-year term of supervised release. He now contends that two of the conditions of his supervised release are contradictory. As Jimenez-Marquez concedes, his claim is reviewed for plain error only because he could

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

have raised it before the district court but did not. *See United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023). Under this standard, Jimenez-Marquez must show that the error is clear or obvious, rather than subject to reasonable dispute, and that it affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error but will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). The burden of establishing entitlement to relief for plain error is on the party claiming it. *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

The sentence imposed "should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." *United States v. Willis*, 76 F.4th 467, 478 (5th Cir. 2023) (internal quotation marks and citation omitted). A sentence violates this principle when it is "is internally self-contradictory." *Id.* (internal quotation marks and citation omitted).

The plain error standard has not been met. The disputed conditions are not inconsistent; they direct Jimenez-Marquez to report to different probation offices under different circumstances. Notably, he cites no cases finding fault with similar conditions, and plain error is difficult to show in the absence of binding authority. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

The judgment of the district court is AFFIRMED.