# United States Court of Appeals for the Fifth Circuit

---

No. 24-40702
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JULIO CESAR LUNA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:24-CR-334-1

---

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Julio Cesar Luna appeals his jury trial convictions for conspiracy to transport an illegal alien and transportation of an illegal alien. He contends that the district court abused its discretion by dismissing a seated juror for bias and that he was prejudiced as a result because the ruling lacked factual support and the district court relied on a legally irrelevant reason.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40702

Here, the district court's decision to replace the juror based on a finding that she was unable to remain impartial was made after careful consideration and was within the court's broad discretion under Federal Rule of Criminal Procedure 24(c). *See United States v. Ebron*, 683 F.3d 105, 126 (5th Cir. 2012); *United States v. Spiegel*, 604 F.2d 961, 966-67 (5th Cir. 1979). The dismissed juror asserted her own bias several times, and the district court relied on her demeanor to find that her concerns would prevent her from being impartial. We will not second guess such a finding. *See Skilling v. United States*, 561 U.S. 358, 386 (2010). Because the district court's finding was plausible in light of the record as whole, it was not clearly erroneous. *See Ebron*, 683 F.3d at 126-27. Moreover, Luna cannot show the required prejudice, *see id.* at 126, because there was "some 'sound' basis upon which the trial judge exercised his discretion," *United States v. Rodriguez*, 573 F.2d 330, 332 (5th Cir. 1978). Accordingly, his convictions are AFFIRMED.

The parties are correct that the district court was without jurisdiction to enter an amended judgment correcting a clerical error in the original judgment while this appeal was pending. *See United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023). Therefore, the amended judgment is VACATED, and the case is REMANDED for the limited purpose of reentering the amended judgment.