# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50478
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Roni Jardel Matute-Disqua,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2858-1

———————————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Roni Jardel Matute-Disqua appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States. He argues that the district court orally pronounced two conflicting supervised release reporting conditions. We disagree.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50478

The sentence imposed "should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." *United States v. Willis*, 76 F.4th 467, 478 (5th Cir. 2023) (internal quotation marks and citation omitted). A sentence violates this principle "when it is ambiguous with respect to the time and manner in which it is to be served or is internally self-contradictory." *Id.* (internal quotation marks and citation omitted).

Here, the disputed conditions are not necessarily self-contradictory. The two conditions can be read as providing that, were Matute-Disqua not surrendered to immigration officials, then he was to report to the probation office in the district where he was released, and were he to be surrendered to immigration officials and then released, then he was to report to the nearest probation office. In other words, he is directed to report to one probation office if he is surrendered to immigration officials and another if he is not.

Furthermore, Matute-Disqua fails, on plain error review, to establish clear or obvious error because he has not "show[n] error in the straightforward applications of existing cases." *United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023) (internal quotation marks and citation omitted); *see Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.